### O. A. Anderson et al. v. Nober Gottlieb et al.

#### Gen. No. 13,191.

MASTER IN CHANCERY—*when authority of, cannot be questioned.* A decree predicated upon a master's report will not be reversed because of the master's having taken proofs under a cross-bill and making report with respect thereto without the subject-matter of the cross-bill having been included in the order of reference, where no objection in the lower court was made to such action of the master.

Mechanic's lien proceeding. Appeal from the Superior Court of Cook County; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed October 4, 1907.

**Statement by the Court.** Appellants filed their bill of complaint June 9, 1905, for a mechanic's lien on certain

Anderson v. Gottlieb.

property of the defendant Nober Gottlieb, for mill work furnished by them to him. Nober Gottlieb filed his answer to the bill, to which complainants filed a replication December 15, 1905. On that day the cause was referred to Master Browning to take and report the proofs with his conclu-sions. January 23, 1905, said order of reference was vacated and the cause referred to Master Himes to take and report the proofs with his conclusions. February 14, 1906, upon leave of the court, Nober Gottlieb filed a cross-bill to which complainants filed their answer February 27, 1906. Master Himes began the taking of proofs March 7, 1906. The master heard the proofs offered by complainants in support of the bill; the proofs offered by the defendants in opposition thereto; the proofs offered by Nober Gottlieb in support of his cross-bill and the proofs offered by complainants in rebuttal and in answer to the proofs offered by Nober Gottlieb in support of his cross-bill. May 28, 1906, the master gave the parties notice that he had prepared his draft report, entered a rule on all parties to file objections thereto by June 1, and that on that day he would hear arguments.

An order was entered May 31, 1906, reciting that it appearing from the master's report that no finding or report has been made upon the issues raised in the cross-bill of Nober Gottlieb and that evidence has been taken and received regarding the issues therein involved, the court orders that the order of reference to Master Himes be amended, *nunc pro tunc* as of February 21, 1906, so that said master shall pass upon and report to the court upon the claims of Nober Gottlieb upon the evidence already taken.

The bill alleged that the contract price of the materials furnished by complainants was $1,925; that they had been paid $1,600, leaving a balance of $325; that they had furnished extras amounting to $78.83; that the balance due complainants was $403.83, for which sum with interest they claimed a lien. The master found that there was due complainants on the contract $325; that they claimed $71.15 for extras and that he did not find it necessary to pass upon the

amount they were entitled to for extras; that defendant Nober Gottlieb, the owner of the premises, suffered damages by reason of the delays of complainants in delivering the mill work on time and delivering defective mill work in a sum equal to or exceeding the balance unpaid on said contract, together with extras furnished by complainants; that "said defendant and cross-complainant Nober Gottlieb was put to an extra expense of $512.50, which said expense was caused by the delay on the part of complainants and the delivery of defective mill work by complainants; that $165 of the said sum of $512.50 was a charge made by the carpenter contractor for the delay in the delivery of mill work; that in addition to said sum of $512.50 Nober Gottlieb paid to the carpenter contractor $100 for superintending the construction of said building;" that Nober Gottlieb suffered a loss of $450 of rents from said building occasioned by the delay on the part of complainants in the construction of said building. The master recommended that, by reason of the payments made by cross-complainant Gottlieb to complainants after the principal deliveries of the mill work, the fact that complainants were permitted to complete their contract and the equities in the case, that both the bill and the cross-bill be dismissed for want of equity at complainants' costs. Both parties filed a large number of exceptions to the draft report, which were all overruled with the exception of two filed by the complainants. The master's report is dated June 12th and was filed June 25, 1906. The objections before the master were ordered to stand as exceptions to the report.

The decree entered July 21, 1906, sustains the exception of the cross-complainant to the failure of the master to recommend that the cross-complainant be awarded damages under his cross-bill and the exceptions of the complainants to the amount of damages sustained by complainant, and affirms the report in all other respects. The decree finds that the cross-complainant has sustained damages in the sum of $207.50, made up as follows:

Anderson v. Gottlieb.

| | |
|---|---:|
| Extra expense and delay found by master in paragraph fifteen of his report | $512.50 |
| Extra expense, superintending | 100.00 |
| Total | 612.50 |
| Credit by mill work and extras | 405.00 |
| Difference | $207.50 |

dismisses the bill for want of equity; decrees that the cross-complainant recover of the complainants his said damages of $207.50 and costs, and from this decree the complainants prosecute this appeal.

ADAMS & FROEHLICH, for appellants.

JOHAN WAAGE, for appellees; WILLIAM E. HUGHES, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The contention that the decree should be reversed because no order referring the cross-bill to the master was entered until after the proofs had been taken and the draft report prepared, cannot be sustained. The cross-bill and the answer thereto were filed before any proofs were taken by the master. The parties appeared and took testimony upon the issues made by the cross-bill and answer thereto, as well as the issues made by the bill and the answer thereto. In the case cited by counsel for appellants in support of this contention, it was said: "Of course if there is an appearance and participation in the taking of evidence without an order, parties cannot question the authority of the master to act." When the order of May 31st was entered requiring the master to "pass upon and report to the court upon the claims of Nober Gottlieb upon the evidence already taken," complainants made no objection, no application to the court to so amend the order as to permit them to offer further evidence. They

did not, in their objections to the master's draft report, include an objection that the master had found and reported the amount of damages sustained by the cross-complainant when such matter was not within the order of reference.

We find nothing in the evidence to estop Nober Gottlieb from asserting his claim for damages sustained by him by reason of the failure of complainants to carry out their contract at the time therein specified. He could not after accepting material after the time agreed upon for its delivery, or accepting materials inferior in quality or different from the materials agreed to be furnished, refuse to pay for the same, but such payment does not estop him from asserting his claim to damages for a breach of the contract. We think the evidence in the record supports and warrants the finding contained in the decree as to the damages sustained by the cross-complainant Nober Gottlieb. We do not think that cross-complainant and appellee Nober Gottlieb has any just cause of complaint because the decree in his favor was not for a larger amount.

The decree of the Superior Court will be affirmed and the costs of the additional abstract filed by appellees will be taxed as a part of appellees' costs.

*Affirmed.*